NO. 5-96-0124WC

                                  IN THE 

                        APPELLATE COURT OF ILLINOIS

                              FIFTH DISTRICT

                      INDUSTRIAL COMMISSION DIVISION

_________________________________________________________________

JACQUELINE L. McRAE,                )  Appeal from the 

                                    )  Circuit Court of

     Appellee,                      )  Madison County.

                                    )

v.                                  )  No. 95-MR-212

                                    )

THE INDUSTRIAL COMMISSION et seq.   )  Hon. David R. Herndon,

(Venture Stores, Inc., Appellant).  )  Judge, presiding.

_________________________________________________________________

     JUSTICE RAKOWSKI delivered the opinion of the court:

     Claimant Jacqueline L. McRae filed an application for

adjustment of claim pursuant to the Workers' Compensation Act (the

Act) (820 ILCS 305/1 et seq. (West 1994)) for low back injuries

allegedly sustained on March 21, 1991, while working for Venture

Stores, Inc. (Venture).  The arbitrator awarded claimant eight

weeks' temporary total disability (TTD) and 25% permanent partial

disability (PPD), upon finding a causal connection between

claimant's condition of ill-being and a work-related accident.  The

Industrial Commission (Commission) reversed and vacated the

arbitrator's award.  The circuit court reversed the decision of the

Commission and reinstated the decision of the arbitrator.  The

issues presented are whether the decision of the Commission is

against the manifest weight of the evidence and whether the

arbitrator abused his discretion in admitting uncertified medical

records into evidence.  For the reasons that follow, we reverse the

judgment of the circuit court and reinstate the Commission's

decision.

                                   FACTS

     Claimant worked for Venture as a scanner, which required

claimant to scan UPC bar codes and repeatedly lift heavy boxes of

merchandise.  On March 21, 1991, claimant stopped working for

Venture because of severe low back pain.  On March 25, 1991,

claimant went to the hospital emergency room, where she was seen by

Dr. R. Anthony Marrese.  Dr. Marrese's report states in pertinent

part: "Patient claims she has pain in her low back shooting into

both hips, going down her left leg far worse than her right.  She

denies any accident that may have brought this on.  The patient

states she has had problems with her back intermittently for six

years but has been severe the last six weeks."  Claimant testified

that she did not tell Dr. Marrese about any specific incident at

work, but she did tell him that repetitive lifting and bending at

work seemed to bother her.

     On March 26, 1991, claimant underwent surgery for excision of

a herniated disc.  On April 5, 1991, claimant returned to the

hospital for the removal of stitches.  She reported no pain and

said she was "feeling great."  The hospital records from May 17,

1991, show an improvement in back pain and occasional numbness of

the feet.  On July 9, 1991, claimant returned to the hospital with

complaints of back pain.  Dr. Lin performed lumbar epidural blocks

and prescribed medication to ease the pain.

     On June 5, 1992, approximately 14 months after the alleged

work accident, claimant returned to the hospital to see Dr. Marrese

for back pain.  Dr. Marrese's report states: "Patient was injured

at Venture.  States she had to do lifting on a daily basis and she

felt this was what resulted in her having to have back surgery. 

***  Repeated bending at Venture may well have caused her condition

of ill being, that is[,] the ruptured disc."  This is the first and

only reference in any of the medical records that suggests claimant

sustained an injury at work or that her condition is causally

related to a work accident.

     At arbitration, claimant admitted she had preexisting low back

pain prior to her employment with Venture.  Between January 1987

and 1989, claimant received treatment for her back and neck from

chiropractor Dr. Stewart Smith.  Dr. Smith's records reveal that

claimant was involved in two car accidents; one in 1972, the other

in 1987.  Claimant also was treated for back problems by Dr. Norman

Taylor approximately six months prior to beginning work for

Venture.  On March 5, 1990, Dr. Taylor diagnosed claimant with a

chronic low back syndrome, noting that she has had back problems

"off and on for many years."  The arbitrator admitted the records

of Dr. Smith and Dr. Taylor over claimant's objections.

     Claimant also testified that on March 26, 1991, she called Jan

Stamper, Venture's assistant human resource manager, to inform her

that she could no longer work at Venture because of the bending and

lifting requirements of the job.  However, claimant did not tell

Stamper that she had been injured at work.  Moreover, Stamper

testified that claimant did not report a back injury to her, and

that Stamper had no notice of the claim until March 1992.

     Claimant's supervisor, Joyce Haun, testified that claimant did

not inform her of a work-related back injury or fill out an

accident report.  Claimant testified she understood the procedures

for reporting work-related accidents to be that if she is doing a

job and then gets hurt, she must report it as an incident or

accident.  To be sure, claimant filed incident reports in the past

for two previous, unrelated injuries.

     The arbitrator found claimant sustained an aggravation of a

preexisting condition as the result of a work-related repetitive

trauma.  He awarded claimant eight weeks' TTD and 25% PPD.  The

Commission reversed and vacated the arbitrator's decision on the

basis that claimant did not sustain an injury causally related to

her employment.  The Commission relied on the fact that claimant

had a long history of back problems and that the medical evidence

did not make any reference to a work-related injury until 14 months

after the alleged accident.  The circuit court reversed the

Commission's decision and reinstated the decision of the arbitra-

tor.  The court held, "The manifest weight of the evidence in this

case is embodied in the only expression of opinion relative to the

issue of causation wherein the treating surgeon said, `Repeated

bending at Venture may well have caused her condition of ill being,

that is[,] the ruptured disc.'"

                                 ANALYSIS

                    A.  Manifest Weight of the Evidence

     Whether an injury arises out of employment and is causally

related to the present disability is a question of fact for the

Commission, whose decision will not be reversed unless it is

against the manifest weight of the evidence.  General Refractories

v. Industrial Comm'n, 255 Ill. App. 3d 925, 929-30 (1994).  "The

manifest weight of the evidence is that which is the clearly

evident, plain and indisputable weight of the evidence.  In order

for a finding to be contrary to the manifest weight of the

evidence, an opposite conclusion must be clearly apparent." 

Caterpillar, Inc. v. Industrial Comm'n, 228 Ill. App. 3d 288, 291

(1992).

     Employer maintains the Commission's decision is not against

the manifest weight of the evidence and should not have been

reversed by the circuit court.  The law is clear.  It is the

province of the Commission to judge the credibility of witnesses,

determine what weight to give testimony, and resolve conflicting

evidence, including medical testimony and evidence.  Freeman United

Coal Mining Co. v. Industrial Comm'n, 263 Ill. App. 3d 478, 485

(1994).  A reviewing court must not substitute its judgment for

that of the Commission where the Commission's decision is supported

by the evidence.  Archer Daniels Midland Co. v. Industrial Comm'n,

138 Ill. 2d 107, 119 (1990); Wantroba v. Industrial Comm'n, 248

Ill. App. 3d 978, 984 (1993).  In the instant case, the issue is

whether the evidence supports an inference that claimant did not

sustain an accidental injury causally related to her work that

aggravated or accelerated her preexisting condition.  Aggravation

or acceleration of a preexisting condition is a question of fact

for the Commission.  Cassens Transport Co. v. Industrial Comm'n,

262 Ill. App. 3d 324, 331 (1994).

     After careful review of the record, we cannot say the

Commission's decision is against the manifest weight of the

evidence.  The only medical evidence of causation is the report of

Dr. Marrese, which states: "Patient injured at Venture.  States she

had to do lifting on a daily basis and she felt this was what

resulted in her having to have back surgery.  ***  Repeated bending

at Venture may well have caused her condition of ill being, that

is[,] the ruptured disc."  (Emphasis added.)  The Commission gave

little weight to this statement primarily because it was made 14

months after claimant's alleged accident.  Prior to then, none of

claimant's medical records, including the initial reports by Dr.

Marrese, referred to a work-related injury or incident.  Moreover,

Dr. Marrese was equivocal with regard to causation, stating only

that repeated bending at Venture "may well have caused" the

ruptured disc.  He could not say repeated bending at work did in

fact cause the injury, nor was there other evidence, aside from

claimant's own testimony, that supported a causal connection.

     At arbitration, claimant testified that her preexisting back

condition was aggravated by repeated bending and lifting at work.

She also testified that she originally told Dr. Marrese that

repetitive lifting at work bothered her.  However, claimant

admitted she did not tell Dr. Marrese of a specific accident or

trauma at work.  Moreover, claimant did not report the alleged

incident to her employer, even though she knew the procedure for

filling out an accident report.  At best, she told the human

resource manager that she could no longer work at Venture because

of the bending and lifting requirements of her job.

     Nonetheless, claimant contends that only one reasonable

inference could be drawn based on Dr. Marrese's report and

claimant's own testimony: that the repetitive physical stress at

work caused or aggravated claimant's herniated disc.  Claimant

relies on the fact she was asymptomatic for one year and was not

diagnosed with a herniated disc until after the occurrence on March

21, 1991.  She also claims that Dr. Marrese's statement made 14

months after her alleged injury is the only expression of opinion

relative to the issue of causation, and there is no other opinion

evidence to contradict this statement.  We disagree.

     Although there is no direct testimony in opposition to Dr.

Marrese's statement, the Commission was not required to accept this

equivocal and ambiguous opinion as undeniable truth that claimant's

condition was indeed caused by repeated bending and lifting at

work.  Moreover, the Commission was at liberty to discount the

credibility of this statement because it was made 14 months after

claimant's alleged injury.  This is not to say the Commission may

arbitrarily reject uncontradicted testimony of witnesses and

medical opinions.  Sorenson v. Industrial Comm'n, 281 Ill. App. 3d

373, 384 (1996); see In re Glenville, 139 Ill. 2d 242, 251 (1990). 

However, the rule is not absolute where conflicting inferences may

reasonably be drawn from other evidence in the record.

     As stated above, it is the province of the Commission to

assess claimant's credibility and to determine the weight to give

Dr. Marrese's report.  It is also the task of the Commission to

judge all the evidence of causation and draw reasonable inferences

therefrom.  Even if several medical experts had concurred with Dr.

Marrese's opinion that claimant's work may well have caused her

present condition, it is still within the domain of the Commission

to weigh the credibility of the evidence in deciding the issue of

causation.  See Glenville, 139 Ill. 2d at 251.

     In the instant case, Dr. Marrese opined that claimant's work

may well have caused claimant's condition of ill-being.  Implicit

in this statement is that claimant's work may well not have caused

the condition.  As a reviewing court, the circuit court was not

licensed to reject reasonable inferences of the Commission merely

because it could or would have drawn different inferences from the

facts.  Archer Daniels Midland Co., 138 Ill. 2d at 119.  The record

shows that the Commission's finding is not against the manifest

weight of the evidence.  Accordingly, we reverse the judgment of

the circuit court and reinstate the decision of the Commission.

                   B.  Admissibility of Medical Records

     Claimant also argues the arbitrator abused his discretion in

admitting into evidence uncertified medical records of Dr. Smith

and Dr. Taylor.

     Claimant did not raise this argument before the circuit court,

despite the fact she was appealing from the Commission's decision. 

Thus, she has waived it on appeal.  General Electric Co. v.

Industrial Comm'n, 144 Ill. App. 3d 1003, 1015 (1986).  In

addition, we find that the uncertified records did not prejudice

claimant or affect the outcome of the case and, therefore, any

error was harmless.  Presson v. Industrial Comm'n, 200 Ill. App. 3d

876, 879 (1990).

     Claimant's testimony was substantially similar and cumulative

to the facts contained in the records of Dr. Smith and Dr. Taylor. 

Claimant admitted she received treatment with Dr. Smith for back

and neck problems.  She also acknowledged being involved in at

least one car accident.  Further, claimant testified that she had

prior back problems for years, which was consistent with Dr.

Taylor's diagnosis of chronic low back syndrome.  Accordingly, any

error in the admission of the uncertified records of Dr. Smith and

Dr. Taylor was harmless.

                                CONCLUSION

     For the reasons stated, the judgment of the circuit court is

reversed, and the decision of the Commission, denying benefits, is

reinstated.

     Judgment reversed; award vacated; Commission's decision of

April 6, 1995, reinstated.

     McCULLOUGH, P.J., and HOLDRIDGE, J., concur.

     JUSTICE RARICK, dissenting:

     Because I do not find the statement of claimant's doctor to be

ambiguous or equivocal, I must dissent.  We are faced here with a

case of aggravation of a preexisting condition.  Clearly, the

repetitive heavy lifting and bending claimant performed in her job

aggravated her low back condition.  Prior to working for employer,

claimant had experienced low back symptoms over the years and had

been diagnosed with chronic low back syndrome.  There were,

however, no medical records or other probative evidence suggesting

a prior herniated disc.  Claimant also testified she felt "okay"

before starting her new job.  After several months on the job,

however, the low back pain became excruciating, radiating into her

lower legs.  Upon admission to the hospital on March 25, 1991,

claimant gave a history of worsening low back pain.  During this

same hospitalization, Dr. Marrese recommended that claimant change

occupations.  How much more proof of causal connection is required? 

Employer presented no medical evidence to the contrary, that

claimant's current condition was not causally related to her

employment, except what claimant already admitted--she experienced

some back problems prior to her employment with employer.  Simply

because the Commission refuses to acknowledge Dr. Marrese's finding

of causal connection both at the time of claimant's hospitalization

in March 1991 and 14 months later does not justify reversal of the

award of benefits.  I therefore would affirm the judgment of the

circuit court.

     COLWELL, J., joins in this dissent.

                                      NO. 5-96-0124WC

                                     IN THE

                          APPELLATE COURT OF ILLINOIS

                                 FIFTH DISTRICT

                         INDUSTRIAL COMMISSION DIVISION

___________________________________________________________________________

JACQUELINE L. McRAE,                )  Appeal from the 

                                    )  Circuit Court of

     Appellee,                      )  Madison County.

                                    )

v.                                  )  No. 95-MR-212

                                    )

THE INDUSTRIAL COMMISSION et seq.   )  Hon. David R. Herndon,

(Venture Stores, Inc., Appellant).  )  Judge, presiding.

___________________________________________________________________________

Opinion Filed:                 December 30, 1996

___________________________________________________________________________

Justices:      Honorable Thomas R. Rakowski, J.

                         

               Honorable John T. McCullough, P.J., and 

               Honorable William E. Holdridge, J.,

               Concur

               Honorable Philip J. Rarick, J., and

               Honorable Michael J. Colwell, J.,

               Dissent

___________________________________________________________________________

                         

Attorneys      William R. Gallagher, Law Offices of James W. Reeves, 7930

for            Clayton Road, Suite 404, St. Louis, MO 63117

Appellant      

___________________________________________________________________________

Attorney       Timothy F. Campbell, 3017 Godfrey Road, P.O. Box 505,

for            Godfrey, IL 62035

Appellee       

___________________________________________________________________________